```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF MISSOURI
                       EASTERN DIVISION
```

UNITED STATES OF AMERICA,         )
                                  )
            Plaintiff,             )
                                  )
      v.                           )    No. S1-4:12CR243 JAR
                                  )                    (FRB)
MICHAEL GLOVER,                    )
                                  )
            Defendant.             )

**MEMORANDUM,**
**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

All pretrial motions in the above cause were referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b).

1. <u>Defendant's Pro-Se "Motions"</u> (Docket Nos. 13, 32-46)

The defendant, <u>pro-se</u>, filed a document captioned "Executor Office Demand This Case Adjourned" (Docket No. 13).

The defendant, <u>pro-se</u>, also filed fifteen separate documents (Docket Nos. 32-46) each of which is captioned as follows:

```
              MOTION FOR WRIT OF CERTIORARI
                       SEQUESTER
     MOTION TO FILE NOTICE CONCERNING FIDUCIARY RELATIONSHIP
          OFFICE OF EXECUTOR LETTLER FOR THE ESTATE,
                      With Attachments
           BONDED REGISTERED WARRANTED CLAIM ORDER,
           REGISTERED WARRANTED CLAIM INVOICE and ORDER,
          BONDED WARRANTED APPOINTMENT OF PRIVATE COUNCIL
```

These fifteen documents were each docketed as motions. Attached to each document is a letter to the "Office of the Governor, State of Missouri" to which is attached various documents, some of which appear to be pre-printed Internal Revenue Service forms. Each of the fifteen documents appear to be virtually identical.

The thrust of the documents is difficult to discern. Any claims made in the documents as they relate to this case are indecipherable. The written contents of the documents could accurately be described as gobbledegook.[1] The only possible construction that the undersigned can give to the documents is that the defendant is claiming that this cause should be dismissed because the court has no jurisdiction over his person (personal jurisdiction) or over the matters alleged in the superseding indictment (subject matter jurisdiction). The court has "personal jurisdiction over [the defendant] by virtue of [the defendant] having been brought before it on a federal indictment charging a violation of federal law." United States v. Marks, 530 F.3d 799, 810 (9th Cir. 2008). See also, United States v. Stuart, 689 F.2d 759, 762 (8th Cir. 1982); United States v. James, 328 F.3d 953 (7th Cir. 2003)(dicta); United States v. Toader, 409 Fed. Appx. 9, 2010 WL 4780362 (C.A. 7 (Ill.)). The court also has subject matter

---

[1]Gobbledegook: wordy and generally unintelligible jargon. Merriam-Webster's Collegiate Dictionary, 499 (10th ed. 2002).

jurisdiction in this case. 18 U.S.C. § 3231 states that "The district courts of the United states shall have original jurisdiction, exclusive of the courts of the States of all offenses against the laws of the United States." The defendant is here charged with violations of federal criminal laws and subject matter jurisdiction is proper in this court. <u>United States v. Foster</u>, 443 F.3d 978, 981 (8th Cir. 2006); <u>United States v. Schmitt</u>, 784 F.2d 880, 882 (8th Cir. 1986).

Therefore, the various documents filed by the defendant, <u>pro-se</u>, construed as motions to dismiss the indictment for lack of jurisdiction, should be denied.

2. <u>First Motion For Leave To Withdraw As Counsel</u>
   (Docket No. 49)

It is recommended that this motion be reserved to be ruled by the district judge presiding at the trial of this case, after a hearing with defendant and counsel present.

Therefore, for all of the foregoing reasons,

**IT IS HEREBY RECOMMENDED** that defendant's Defendant's Pro-Se "Motions" (Docket Nos. 13, 32-46) be denied.

**IT IS FURTHER RECOMMENDED** that First Motion For Leave To Withdraw As Counsel (Docket No. 49) be reserved for ruling by the district judge.

The parties are advised that any written objections to these findings and determinations shall be filed not later than **October 18, 2012.** Failure to timely file objections may result in waiver of the right to appeal questions of fact. Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990).

_/s/ Frederick R. Buckles_
UNITED STATES MAGISTRATE JUDGE

Dated this 4th day of October, 2012.